IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN DOE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | 2:18-cv-01433 |
| v. | ) |  |
|  | ) |  |
| WP COMPANY, LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION**

**Mark R. Hornak, Chief United States District Judge**

Plaintiff John Doe, a Pennsylvania resident, after voluntarily dismissing a similar lawsuit in the Central District of California, filed this lawsuit against Defendants who reside in Ohio, Maryland, and Connecticut, alleging various state torts stemming from an alleged sexual assault or consensual group sexual encounter with Plaintiff's spouse in Connecticut. Because this Court lacks personal jurisdiction over any of the Moving Defendants, Plaintiff's Complaint will be dismissed. Additionally, because as the Complaint is written, the Central District of California would not have personal jurisdiction over all of the Moving Defendants, so this Court will not transfer the case to that court as Plaintiff requests.

I. **BACKGROUND**

Plaintiff John Doe's complaint is 244 paragraphs long. In it, he alleges that on or around July 26–27, 2014, Defendants Gambatese, Beth Tarini, Adam Kilgore, Camille Powell Kilgore, Grossman, Eachus, and Cartellone either sexually assaulted or, in the alternative, participated in a consensual group sexual activity with his wife, Jane Roe #1, while attending a wedding ceremony for Defendant Beth Tarini, hosted by her parents, Defendants Elaine and Anthony

1

Tarini, in Connecticut. Plaintiff did not attend the wedding. He further alleges that his wife, Jane Roe #1, contracted genital herpes as a result of this assault/encounter, and then returned to California and transmitted the sexually transmitted infection ("STI") to him. Plaintiff sustained this alleged injury while living in California. (First Amended Complaint ("FAC" or "Complaint"), ECF No. 36, ¶¶ 2–3, 52.)

Plaintiff alleges that he has no personal knowledge of what happened in Connecticut, but that he deduced what must have happened from something that Defendant Adam Kilgore said or did when he and Defendant Camille Powell Kilgore visited Plaintiff and Jane Roe #1 in California in November, 2016. Thereafter, while still in California, Plaintiff alleges that he confronted Roe #1 with his suspicions, and that she denied them and threatened to call the police if he did not stop asserting them, but he did not believe her denials. (FAC ¶ 46.) He further alleges that Defendants Adam Kilgore, Camille Powell Kilgore, Beth Tarini, Jason Grossman, and Kevin Smith intruded into private matters by contacting him and his spouse, by telephoning the sheriff's office to request that they check on the house shared by Plaintiff and his spouse, and/or by maintaining a social media platform. (FAC ¶¶ 229–44.)

Plaintiff moved to Pennsylvania at some time after these events, and currently resides in Westmoreland County, in the Western District of Pennsylvania. (FAC ¶ 29.)

Plaintiff filed the operative Complaint on March 25, 2019. He asserts 18 Claims in all. Claims 1–5 are against Jane Roe #1, for Intentional Infliction of Emotional Distress, Negligence, Battery, Fraud, and Violation of the California Elder Abuse and Dependent Adult Civil Protection Act, respectively. Claims 6–9 are against Jane Roes #3–10 for "Negligence Arising from Rape Culture," Negligent Hiring, Negligent Supervision, and Negligent Retention,

respectively.[1] Claim 10 is for Intrusion into Private Matters, against Camille Powell Kilgore, Adam Kilgore, and Beth Tarini. Claim 11 is against Beth, Elaine, and Anthony Tarini, and Jane Roes #3–10, for Negligence. Claim 12 is against Eachus, Cartellone, Grossman, Johnston, Jane Roe #2, Kevin Smith, Gambatese, Adam Kilgore, and Jane Roes #3–10, for "Negligence Arising from Sexual Assault." Claim 13 is against Eachus, Cartellone, Grossman, Steven Johnston, Jane Roe #2, Smith, Gambatese, Adam Kilgore, and Roes #3–10, for Battery. Claim 14 is against Eachus, Cartellone, Grossman, Johnston, Jane Roe #2, Smith, Gambatese, Kilgore, and Jane Roes #3–10, for Fraud. Claim 15 is against Eachus, Cartellone, Grossman, Johnston, Jane Roe #2, Smith, Gambatese, Adam Kilgore, and Roes #3–10, for "Negligence Arising from STD Transmitted Via Sexual Contact." Claim 16 is against Adam Kilgore and Roes #3–10, for Intentional Infliction of Emotional Distress. Claim 17 is against Camille Powell Kilgore and Roes #3–10 for "Aiding and Abetting Tort." Claim 18 is against Grossman, Smith, and Jane Roe #1 for "Intrusion Into Private Matters."

Defendants Gambatese, Beth Tarini, Anthony Tarini, Elaine Tarini, Adam Kilgore, Camille Powell Kilgore, Grossman, Eachus, and Cartellone (collectively, "Moving Defendants") filed Motions to Dismiss. (Gambatese Motion to Dismiss, ECF No. 42; Beth Tarini Motion to Dismiss, ECF No. 44; Elaine and Anthony Tarini Motion to Dismiss, ECF No. 47 (errata); Kilgore Motion to Dismiss, ECF No. 49; Grossman Motion to Dismiss, ECF No. 51; Eachus Motion to Dismiss, ECF No. 53; Cartellone Motion to Dismiss, ECF No. 58.) The Moving Defendants filed briefs in support of their Motions, and Plaintiff filed responsive briefing. The

---

[1] Plaintiff originally filed these claims against the Washington Post Company, LLC, as well as Roes #3–10. (*See* FAC.) Plaintiff voluntarily dismissed the Washington Post as a defendant in this case on June 3, 2019. (Order, ECF No. 84.) Plaintiff has not filed anything regarding whether he intends to pursue his claims against Roes #3–10, none of Roes #3–10 has entered an appearance by counsel, and Plaintiff has not filed anything related to the service of Roes #3–10.

3

Court has reviewed the Motions, responses, and all briefing in support therein, and the matter is ripe for disposition.[2]

## II. DISCUSSION

Defendants have moved to dismiss on the grounds that Plaintiff has failed to show that the Court has personal jurisdiction over any of the Moving Defendants. Defendants have also moved to dismiss based on improper venue and failure to state a claim, but because the Court concludes it lacks personal jurisdiction over any of the Moving Defendants, it may not consider these alternative arguments.

### A. Legal Standard

Once a defendant challenges personal jurisdiction, as Defendants have in their Motion to Dismiss, the plaintiff bears the burden of proving that the Court has jurisdiction. *See D'Jamoos v. Pillatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). A plaintiff can satisfy this burden by presenting a *prima facie* case for the exercise of personal jurisdiction through "specific facts." *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007). Legal conclusions and unsupported allegations will not suffice. *See Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984) ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

The Supreme Court has set forth two types of personal jurisdiction: specific and general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). General personal jurisdiction requires proof of continuous and systematic contacts between the defendant and the forum state. *Id.* at 415–16; 2 Wright & Miller, *Fed. Prac. & Proc.* § 1067.5 (4th ed. 2013). To

---

[2] The Court will exercise its discretion under Federal Rule of Civil Procedure 78(b) and decide the pending motion to dismiss on the briefs and without oral argument. *See generally Fabics v. City of New Brunswick*, 629 F. App'x 196, 199 n.5 (3d Cir. Oct. 19, 2015) ("[A] district court has broad discretion to decide a motion with or without oral argument.").

4

assert general personal jurisdiction over an out-of-state defendant, the defendant must have conducted substantial forum-related activity so as to render it "essentially at home in the forum State," *Daimler AG v. Bauman*, 571 U.S. at 749 (2014) (quoting *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). The Supreme Court has explained that "[t]he 'paradigm' forums in which a corporate defendant is 'at home[]' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 571 U.S. at 749). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Specific jurisdiction, on the other hand, "focuses on the cause of action" rather than the defendant's activities, *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). It does not require "continuous and systematic" contacts, bur rather is available when the non-resident defendant has established minimum contacts with the forum state and the cause of action arises out of or relates to those contacts. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). Federal courts evaluate specific jurisdiction by "exam[ining] the relationship among [defendants], the forum, and the litigation." *Id.* (quoting *Pinker*, 292 F.3d 361, 368 (3d Cir. 2002)). The Third Circuit has articulated a three-part test based on Supreme Court precedent: (1) Did the defendant "purposefully direct[] his activities at residents of the forum"?; (2) does "the litigation result[] from alleged injuries that arise out of or relate to those activities"?; and (3) does the court's exercise of personal jurisdiction "comport with fair play and substantial justice"? *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 475–76 (1985)). A single contact

5

creating a substantial connection with the forum can be enough. *Burger King*, 471 U.S. at 475 n.18.

## B. Specific Jurisdiction

Here, Plaintiff does not advance a general jurisdiction theory, instead arguing that the Complaint establishes that the Court has specific jurisdiction over Defendants. Facially, none of the Moving Defendants is a citizen of Pennsylvania. Defendants Gambatese, Grossman, Eachus, and Cartellone are citizens of Ohio. Defendants Beth Tarini, Adam Kilgore, and Camille Powell Kilgore are citizens of Maryland. Defendants Elaine and Anthony Tarini are citizens of Connecticut. Therefore, the Court must consider whether Plaintiff, accepting as true all allegations in the Complaint, carried his burden of proving "that the cause of action arose from the defendant's forum-related activities" such that the defendant should anticipate being haled into court in Pennsylvania. *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros., Inc.*, 983 F.2d 551, 554 (3d Cir. 1993).

Plaintiff has failed to carry his burden. Nothing in the Complaint suggests that any of the Defendants' conduct "connects [them] to the forum in a meaningful way," *Walden v. Fiore*, 571 U.S. 277, 290 (2014). The only fact related to Pennsylvania pleaded in the Complaint is that Plaintiff moved here. But the relevant inquiry is whether Defendants have a relationship with the forum, and "not the plaintiff's choice of residence or his or her location when he or she became aware of his or her injuries." *Gorton v. Air & Liquid Sys. Corp.*, 303 F. Supp. 3d. 278, 292 (M.D. Pa.) (Conti, J.). "The mere fact that . . . [the plaintiff's injury] was discovered in Pennsylvania, or that it manifested in Pennsylvania, does not necessarily mean that it was caused in Pennsylvania." *Mendel v. Williams*, 53 A.3d 810, 823 (Pa. Super. Ct. 2012). The court must look to the state in which the injury was caused to determine whether it has specific jurisdiction over a

6

defendant. *Id.* at 824. ("That the harm may have continued in Pennsylvania and was ultimately discovered in Pennsylvania does not alter the fact that it originated in New Jersey.").

Here, Plaintiff's alleged injuries were caused in California, where he learned of his wife's infidelity and contracted a disease as a result of that infidelity, and where he resided when the allegedly intrusive contacts occurred. Plaintiff does not allege that his injuries were caused by any of the Moving Defendants' activities that were directed at Pennsylvania. Plaintiff does not even allege that any of Defendants' activities *were* directed at Pennsylvania. He has not alleged that any Defendant had or has any contact with Pennsylvania whatsoever, let alone "minimum contacts." Under these circumstances, Plaintiff's claims do not "stem from a constitutionally cognizable contact" by Defendants with Pennsylvania. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980). This Court, therefore, does not have personal jurisdiction by way of specific jurisdiction over the Moving Defendants.

Plaintiff all but concedes this point in his Complaint, where he requests that the Court transfer this Action to the United States District Court for the Central District of California, under 28 U.S.C. § 1631. Indeed, he requests that Judge Dolly M. Gee, a District Judge in that Court, perform a recusal check due to her involvement with his previously filed case in that Court. (FAC ¶¶ 13–28.) There, Plaintiff filed a *pro se* application of *ex parte* relief on June 6, 2018, which included a complaint, though the complaint was never officially docketed as such.[3] Plaintiff voluntarily dismissed that case on July 2, 2018. *See* Case No. 18-cv-5025 (C.D. Cal.).

### C. Transfer

Plaintiff requests that, in lieu of dismissal for lack of personal jurisdiction, that the Court transfer this case to the Central District of California pursuant to 28 U.S.C. § 1631. That statute

---

[3] The Court notes that the Plaintiff's Complaint at ECF No. 36, despite having had an opportunity to amend it, bears a resemblance to the style of formatting which, in the Court's experience, is required for filings in California courts.

empowers courts finding a want of jurisdiction in a civil action to, "if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Section 1631 provides for transfer to correct a lack of either subject matter or personal jurisdiction. *Chavez v. Dole Food Co.*, 836 F.3d 205, 224 (3d Cir. 2016); *see Fed. Home Loan Bank of Bos. v. Moody's Corp.*, 821 F.3d 102, 119 (1st Cir. 2016), *cert. denied*, 137 S. Ct. 304, *abrogated on other grounds, Lightfoot v. Cendant Mort. Co.*, 137 S. Ct. 553 (2017).

Defendants argue that it would not be in the interest of justice to transfer this action because (a) Plaintiff has failed to state a claim against them, and (b) a District Court in California could not exercise personal jurisdiction over all of the Moving Defendants.

"A court cannot transfer a suit to a court where personal jurisdiction does not exist over the defendants originally." *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985). Here, Plaintiff has made no showing that he would be able to establish personal jurisdiction over all of the Moving Defendants in California. In particular, he has not alleged that his claims arise from forum-related conduct by all of the Moving Defendants. The allegation that his spouse, Roe #1, transmitted the STI to him there, and that he discovered his alleged injuries there, does not create personal jurisdiction over all Moving Defendants.

Transfer does not serve the "interest of justice" in this case because Plaintiff, who is counseled, has failed to show that, as pleaded, personal jurisdiction over all of the Moving Defendants would exist in the Central District of California. Nor has he presented any argument that another federal court would have jurisdiction over all Moving Defendants. His lawsuit therefore could not have been brought in the Central District of California, and this Court may not transfer it there under 28 U.S.C. § 1631's terms.

## III. CONCLUSION

For the foregoing reasons, the Motions to Dismiss for lack of personal jurisdiction filed by Defendants at ECF Nos. 42, 44, 47, 51, 53, and 58 will be granted, and Plaintiff's First Amended Complaint will be dismissed without prejudice.

Mark R. Hornak
Chief United States District Judge

Dated: August 12, 2019

cc: All counsel of record